Wolf was charged in a complaint with violating G. L. c. 266, § 120E ½ (reproductive health care facility buffer zone); G. L. c. 266, § 120 (trespass); and various municipal ordinances. Shortly before the scheduled trial date, he caused five subpoenas duces tecum to be issued. The Commonwealth moved to quash the subpoenas. After a judge in the District Court allowed the motion, Wolf filed his petition in the county court. The single justice summarily denied the petition.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Wolf has not made such a showing. He argues that the "evidence excluded by totally quashing" the subpoenas cannot be evaluated on appeal because it will not be a part of the record and that the matter therefore "becomes unreviewable from a final trial judgment." That is incorrect. We have held, in similar circumstances, that a defendant would be entitled to postconviction relief if he is able to establish that he was improperly deprived of a summons directing production of the records; and that such relief is adequate for G. L. c. 211, § 3, purposes. See *Rodriguez* v. *Commonwealth*, 449 Mass. 1029, 1030 (2007), and cases cited. Wolf has offered no reason why he would not be entitled to seek the same type of relief in an appeal from any adverse judgment.

The single justice did not err or abuse his discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William H. Wolf,* pro se.

G.G., petitioner.[1] April 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Contempt. Practice, Civil,* Contempt. *Minor,* Custody, Visitation rights. *Parent and Child,* Custody. *Probate Court,* Custody of child.

The father of two children filed a petition for relief under G. L. c. 211, § 3, in the single justice session of this court.[2] In his petition, the father requested that the single justice order a judge in the Probate and Family Court to make a ruling on a complaint for contempt or, alternatively, assign a different judge to hear the contempt complaint. The single justice denied relief without a hearing, and the father appeals. We affirm the judgment.

---

[1]This case was impounded by order of a single justice of this court.

[2]The father named as the sole respondents the Justices of the Middlesex Division of the Probate and Family Court Department. He failed to name the real party in interest, the children's mother, as a respondent. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996) ("Any petition seeking to invoke the general superintendency power of the court pursuant to G. L. c. 211, § 3, shall name as respondents and make service upon all parties to the proceeding before the lower court . . . . Unless otherwise ordered by the single justice, the lower court shall thereafter be treated as a nominal party which may, but need not, appear and be heard"). It appears that the mother was served with a copy of the petition, but she has not participated, either before the single justice or the full court.

The father's paternity of the children, who are twins, was established in two actions commenced by their mother. The mother has physical custody of the children, and the parents share joint legal custody. After the father filed a complaint for modification, a judge in the Probate and Family Court issued a judgment ordering the parties to comply with a stipulated visitation schedule. The father thereafter filed a complaint for contempt, alleging that the mother refused to allow the children to visit with him. The father contended that the mother alienated the children from him. For her part, the mother claimed that the children themselves resisted visitation with their father. After a hearing, the judge issued an order in which he found that contempt had not been proved by clear and convincing evidence, and he referred the matter to the Probate and Family Court's family service clinic for evaluation and recommendations. It appears that the judge did not enter a final judgment on the complaint for contempt, although he later stated on the record that he would do so to permit the father to appeal. In addition, the father filed a motion to recuse the judge, which was denied. The father thereafter filed his G. L. c. 211, § 3, petition.

The father has filed what appears to be a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Bypassing the question whether that rule applies in these circumstances, it is clear on the record that extraordinary relief was not warranted. The father has an alternative remedy available to him, namely, a motion in the trial court for entry of final judgment on his complaint for contempt. As noted above, the judge indicated that he was willing to enter such a judgment. The father will then have the right to appeal to the Appeals Court in the ordinary course. The father has not shown why this would not be an adequate remedy. The single justice neither erred nor abused his discretion by denying extraordinary relief.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*G.G.*, pro se.

DEIDRE FORKNALL *vs.* COMMONWEALTH. April 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal.

The petitioner, Deidre Forknall, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.

Forknall filed her petition in the county court after a judge in the District Court denied her motion to dismiss a complaint charging her with leaving the scene of property damage and operating a motor vehicle with a suspended license. The single justice denied the petition. The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). For any of the following reasons, we can affirm the decision of the single justice:

(1) Rule 2:21 requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Forknall has not made such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that